# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:17-cv-01474-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS |
| v. | (ECF No. 11) |
| S. SAVOIE, | FOURTEEN-DAY DEADLINE |
| Defendant. | |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 11, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on May 21, 2018, is currently before the Court for screening. (ECF No. 11.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Pelican Bay State Prison in Crescent City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"). Plaintiff names Correctional Officer S. Savoie, a KVSP employee, as the sole defendant in this action.

Claim I

In Claim I, Plaintiff alleges that on April 7, 2016, Officer Savoie verbally sexually harassed him during third watch security bunk checks and mail pass out. Officer Savoie reportedly tried to get Plaintiff to expose his genitals. On the following day, April 8, 2016, Officer Savoie again tried to get Plaintiff to expose himself to her during afternoon showers, telling Plaintiff that she wanted to see his penis and to take off his boxer shorts. Once Officer Savoie knew that Plaintiff was not complying with her requests, she started to foment false rumors to her co-worker, Officer I. Ruiz, that Plaintiff exposed himself to her. Plaintiff believes

that Officer Savoie's request to expose himself was for the purpose of blackmailing him and manipulating his program.

On April 22, 2016, Plaintiff filed a grievance against Officer Savoie for sexual misconduct. At the 602 hearing, Officer Savoie denied all allegations against her. Plaintiff then made a formal request to the I.S.U. unit at KVSP to conduct a polygraph examination of Officer Savoie. Plaintiff also became aware that Lt. Moreno and Sgt. J. Melvin, who were designated to investigate the complaint, did not report the incident or information to the office of Inspector General or the Office of Internal Affairs.

### Claim II

In Claim II, Plaintiff alleges retaliation in violation of his First Amendment rights. In relevant part, Plaintiff contends that on April 27, 2016, Officer Savoie retaliated against him for filing a 602 grievance against her for staff sexual harassment. On that date, Officer Savoie allegedly filed a false Rule Violation Report against Plaintiff for overfamiliarity with staff. Plaintiff asserts that Officer Savoie knew that if a Southern Hispanic inmate was falsely accused of any sex crime or similar infraction, then that inmate could be considered a "no good" Southern Hispanic and could be targeted in any general population. Plaintiff further asserts he was immediately transferred from KVSP to High Desert State Prison because of Officer Savoie's request for Plaintiff's and assertions that Plaintiff's behavior and statements made her feel unsafe with Plaintiff on the facility. Plaintiff was assaulted at High Desert State Prison with deadly weapons. Plaintiff alleges that Officer Savoie reportedly knew that the Rule Violation Report would get Plaintiff targeted and assaulted.

### Claim III

In Claim III, Plaintiff contends that Officer Savoie used excessive force against him in violation of the Eighth Amendment. In relevant part, Plaintiff alleges that on July 24, 2016, he was transferred from KVSP to North Kern Valley State Prison due to Officer Savoie's allegedly false statements in the Rule Violation Report.

On August 1, 2016, Plaintiff arrived at High Desert State Prison. On August 11, 2016, Plaintiff was the target of an assault with deadly weapons "behind Officer Savoie's false written

statements" in Rule Violation Report. Plaintiff was stabbed multiple times to the facial area, the right side of the neck area and his hands and arms. After the assault, Plaintiff was air lifted via helicopter to an outside hospital. Plaintiff believes that Officer Savoie should be held liable for the injuries he sustained as she falsely accused him of a sex crime or similar infraction that got him targeted for an assault with deadly weapons. Plaintiff alleges that Officer Savoie knew the substantial risk of serious harm she had placed him in and acted with deliberate indifference.

Requested Relief

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

**III. Discussion**

**A. Eighth Amendment – Verbal Sexual Harassment**

Plaintiff's allegations regarding sexual harassment implicate the Eighth Amendment to the United States Constitution, not the Fourth Amendment. Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). However, the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary judgement in favor of prison officials where "the only arguably sexually harassing conduct… was verbal"); Blacher v. Johnson, 517 Fed.Appx. 564 (9th Cir. 2013) (finding that Eighth Amendment's protections did not extend to mere verbal sexual harassment) (citation omitted).

Plaintiff has failed to state a cognizable Eighth Amendment claim based on allegations of verbal sexual harassment. Plaintiff has been unable to cure this deficiency by amendment.

**B. Retaliation – False Report**

Generally, a prisoner's claims based on allegations that prison officials filed false disciplinary charges, standing alone, does not state a constitutional claim. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, the Ninth Circuit has held that the filing of a disciplinary charge against a prisoner, although otherwise not actionable under section 1983, is "actionable under section 1983 if done in retaliation for [the prisoner] having filed a grievance pursuant to established procedures. Id.

Plaintiff alleges that he filed a 602 grievance against Officer Savoie for sexual misconduct on April 22, 2016, and that Officer Savoie denied all allegations against her in the 602 hearing. After Plaintiff filed his grievance, Officer Savoie then filed a false Rule Violation Report against Plaintiff on April 27, 2016, in retaliation for filing the 602 grievance against her. At the pleading stage, Plaintiff states a cognizable section 1983 claim based on the issuance of an allegedly false disciplinary report in retaliation for his filing of a 602 against her.

**C. Excessive Force**

Plaintiff attempts to assert an excessive force claim against Officer Savoie based on an attack Plaintiff suffered at the hands of other inmates at High Desert State Prison. However, the Court instead construes Plaintiff's excessive force claim as one for failure to protect him from violence at the hands of other inmates in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff fails to adequately allege that Officer Savoie knew of any specific risk of harm to Plaintiff from an assault by other prisoners at High Desert State Prison. Plaintiff's conclusory assertions are not sufficient to state a cognizable claim. Further, there is no indication

5

that prisoners at High Desert State Prison knew that Plaintiff had received a Rules Violation Report for overfamiliarity with staff or that the assault was a result of such information. Plaintiff has been unable to cure the deficiencies of this claim.

### D. Injunctive Relief

In addition to monetary damages, Plaintiff seeks injunctive relief. However, any request for such relief is now moot. Plaintiff is no longer housed at Kern Valley State Prison (or High Desert State Prison), where he alleges the incidents at issue occurred. Therefore, any injunctive relief he seeks against Officer Savoie at Kern Valley State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

## IV. Conclusion and Recommendation

The Court finds that Plaintiff has stated a cognizable First Amendment retaliation claim against Defendant Savoie, but has failed to state any other cognizable claims. Despite being provided with the relevant legal and pleading standards, Plaintiff has been unable to cure the remaining deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's First Amendment retaliation claim against Defendant Savoie;

2. Plaintiff's request for injunctive relief be denied; and

3. All other claims be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 24, 2018**            /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE