# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAVIOE, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01474-DAD-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONSOLIDATED WITH <u>TRUJILLO V. SAVOIE</u>, CASE NO. 1:18-CV-00990-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* SHOULD NOT BE REVOKED<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Savoie[1] for retaliation in violation of the First Amendment. (ECF No. 17.) Defendant Savoie has not yet been served.

**I.　　Consolidation with Case No. 1:18-cv-00990-EPG (PC)**

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Ct. for the

---

[1] Although spelled "S. Savioe" on the docket, a review of Plaintiff's original and first amended complaints indicates that the correct spelling of Defendant's name is "Savoie."

1

Cent. Dist. of Cal., 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Sw. Marine, Inc. v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The Court has reviewed the first amended complaint in this case, as well as the complaint in Trujillo v. Savoie ("Trujillo"), Case No. 1:18-00990-EPG, filed July 19, 2018. Both complaints appear to be based on the same factual allegations, including Defendant Savoie's filing of a false Rule Violation Report against Plaintiff on April 27, 2016, in retaliation for Plaintiff filing a 602 grievance against Defendant Savoie for sexual misconduct on April 22, 2016. As Defendant Savoie has already been served in Trujillo, and the instant case has already been screened, it appears in the interest of judicial economy to consolidate these actions pursuant to Federal Rule of Civil Procedure 42(a)(2).

## II. Plaintiff's *In Forma Pauperis* Status

On November 21, 2017, Plaintiff's motion to proceed *in forma pauperis* was granted. (ECF No. 7.) Upon further review, it appears that Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

///

---

[2] The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016) and (2) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017).
The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

The Court has reviewed Plaintiff's first amended complaint and his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1055–56 (9th Cir. 2007). As noted above, Plaintiff alleges that after he filed a 602 grievance against Defendant Savoie for sexual misconduct on April 22, 2016, Defendant Savoie retaliated by filing a false Rule Violation Report against Plaintiff on April 27, 2016. (ECF No. 11.) This events are alleged to have occurred while Plaintiff was housed to Kern Valley State Prison, more than a year prior to the filing of the complaint. Plaintiff is currently housed at Pelican Bay State Prison.

### III. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file a written response showing cause why:

    a. This action should not be consolidated with Trujillo v. Savoie, Case No. 1:18-cv-00990-EPG (PC); and

    b. Plaintiff's *in forma pauperis* status should not be revoked pursuant to 28 U.S.C. § 1915(g);

2. **Plaintiff's failure to comply with this order may result in sanctions, including dismissal of this action**.

IT IS SO ORDERED.

Dated: **August 6, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE