# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> SAVIOE, <br><br> Defendant. | Case No. 1:17-cv-01474-DAD-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO REVOKE *IN FORMA PAUPERIS* STATUS <br><br> (ECF Nos. 18, 23) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 2, 2017. (ECF No. 1.) Plaintiff's motion to proceed *in forma pauperis* was granted on November 21, 2017. (ECF No. 7.) This action proceeds on Plaintiff's first amended complaint against Defendant Savoie[1] for retaliation in violation of the First Amendment. (ECF No. 17.)

On August 6, 2018, the Court issued an order for Plaintiff to show cause why his *in forma pauperis* status should not be revoked.[2] (ECF No. 18.) Plaintiff was informed that he is subject

---

[1]   Although spelled "S. Savioe" on the docket, a review of Plaintiff's original and first amended complaints indicates that the correct spelling of Defendant's name is "Savoie."

[2]   The order also required Plaintiff to show cause why this case should not be consolidated with Trujillo v. Savoie, Case No. 1:18-cv-00990-EPG (PC). (ECF No. 18.) In response, Plaintiff filed a motion to consolidate.

1

to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3]

Plaintiff filed a response on August 23, 2018. (ECF No. 23.) In his response, Plaintiff argues that he gave prison officials notice that he was in imminent danger of serious physical injury at the time he filed his complaint, based on specific fact allegations of ongoing serious physical injuries and allegations that prison officials were engaged in an ongoing pattern of placing Plaintiff in harm and serious physical injury. As evidence, Plaintiff points to numerous past cases he has filed in this district. (Id. at 1.) Plaintiff further argues that prison officials are continuing a practice that has injured him in the past, thus satisfying the imminent danger exception to the three strikes rule.

**II. Discussion**

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[4] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that after he filed a 602 grievance against Defendant Savoie for sexual misconduct, Defendant Savoie retaliated by filing a false Rule Violation Report against Plaintiff. (ECF No. 11.) These events are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison, more than a year prior to the filing of the complaint. Plaintiff's conclusory allegation that the claims at issue are part of a larger pattern or practice of

---

(ECF No. 23.) On October 16, 2018, District Judge Drozd consolidated the cases, designated this action as the lead case, and closed Case No. 1:18-cv-00990. (ECF No. 25.)

[3] The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), aff'd, Case No. 16-15101 (9th Cir. December 15, 2017); (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017).

The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

[4] The Court expresses no opinion on the merits of Plaintiff's claims.

prison officials to place him in imminent danger of serious injury is not sufficient to meet the exception. Plaintiff has not alleged in his complaint or his response to the order to show cause that he was in any imminent danger of serious physical injury at Pelican Bay State Prison, where he was housed at the time he filed his complaint.

The Court reviewed the cases cited by Plaintiff in his response, and finds that those allegations also are insufficient to satisfy the imminent danger exception. While Plaintiff alleges in each case that he has been the victim of some type of retaliatory conduct from prison officials, none of those incidents occurred at Pelican Bay State Prison.[5] Plaintiff's conclusory allegation that he has suffered retaliatory actions by prison staff at other institutions in the past is not sufficient to demonstrate that he is now in danger of serious physical injury at a new institution.

### III. Conclusion and Recommendation

Based on the foregoing, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's *in forma pauperis* status be revoked; and
2. Plaintiff be ORDERED to pay $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the

---

[5] See Trujillo v. Hithe, Case No. 2:14-cv-00584-JAM-AC (E.D. Cal.) (Folsom State Prison); Cruz v. Jeffreys, Case No. 3:15-cv-02826-JLS-PCL (S.D. Cal.) (Richard J. Donovan Correctional Facility); Trujillo v. Biter, Case No. 1:14-cv-01370-LJO-EPG (E.D. Cal.) (Kern Valley State Prison); Cruz v. Padilla, Case No. 1:18-cv-01015-AWI-BAM (E.D. Cal.) (Kern Valley State Prison); and Trujillo v. Munoz, Case No. 1:14-cv-01215-AWI-SAB (E.D. Cal.) (Corcoran Substance Abuse Treatment Facility).

3

magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2018**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE