UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> SAVOIE, <br><br> Defendants. | No. 1:17-cv-01474-DAD-BAM <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REVOKING *IN FORMA PAUPERIS* STATUS <br><br> (Doc. No. 26) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 2, 2017. (Doc. No. 1.) Plaintiff's motion to proceed *in forma pauperis* was granted on November 21, 2017. (Doc. No. 7.)

On August 6, 2018, the assigned magistrate judge issued an order requiring plaintiff to show cause in writing why his *in forma pauperis* status should not be revoked pursuant to 28 U.S.C. § 1915(g). (Doc. No. 18.) Plaintiff filed a response on August 23, 2018. (Doc. No. 23.)

On October 24, 2018, the magistrate judge issued findings and recommendations, recommending that plaintiff's *in forma pauperis* status be revoked and that he be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 26.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were

1

to be filed within fourteen days after service. (*Id.* at 3.) After seeking and receiving an extension of time, plaintiff filed a second response to the earlier order to show cause and objections to the findings and recommendations. (Doc. Nos. 29, 31.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including all of plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In both of his most recent filings, plaintiff argues that he is an indigent state prisoner with no funds to pay the filing fee in this action, and submits copies of his prison trust account statement as proof of his indigency. (*Id.*) These objections are unpersuasive. As discussed in the pending findings and recommendations, plaintiff is subject to 28 U.S.C. § 1915(g), and his allegations do not satisfy the imminent danger exception of that statute. The magistrate judge appropriately identified three cases brought by plaintiff which were dismissed for failure to state a claim. *See Cruz v. Gomez*, No. 1:15-cv-00859-EPG (E.D. Cal.), *aff'd*, No. 17-15358 (9th Cir. Oct. 25, 2017); *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E.D. Cal.), *aff'd*, No. 15-15952 (9th Cir. May 6, 2016); *Trujillo v. Ruiz*, No. 1:14-cv-00975-SAB (E.D. Cal.), *aff'd*, No. 16-15101 (9th Cir. Dec. 15, 2017).[1] Plaintiff has provided no further information that would warrant

---

[1] The court notes, however, that all of the dismissal orders relied upon as strikes under § 1915(g) by the magistrate judge in this case were issued by magistrate judges following only the consent of the plaintiff to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Subsequent to those dismissal orders, the Ninth Circuit issued its opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), in which the court held that absent the consent of all parties, including unserved defendants, magistrate judges lack jurisdiction to enter dispositive decisions including orders of dismissal. The decision in *Williams* raises another issue not yet addressed by the Ninth Circuit: May prior orders of dismissal issued by magistrate judges without the consent of all parties later be counted as strikes under § 1915(g) if they otherwise qualify as such under that statute? The undersigned has elected to avoid resolving this question where it was unnecessary to the determination of whether a plaintiff was prohibited from proceeding *in forma pauperis* in a particular case. *See Mitchell v. Davey*, No. 1:16-cv-01148-DAD-EPG (PC), 2018 WL 1586449, at *1, n.2 (E.D. Cal. Apr. 2, 2018). However, in a case where consideration of this question was required, the undersigned has been persuaded that where a magistrate judge issued a pre-*Williams* order dismissing a case with only the plaintiff's consent to magistrate judge jurisdiction, the dismissal can still count as a "strike," so long as the order has not been declared void by way of an appeal or other appropriate challenge. *See Bontemps v. Hicks*, No. 1:16-cv-01854-DAD-EPG, 2018 WL 1905648, at *2–4 (E.D. Cal. Apr. 23, 2018), *findings and recommendations adopted by*

2

reconsideration of this finding, and therefore prepayment of the filing fee is required in order to proceed with this action. A showing of plaintiff's indigency is simply not relevant to the court's determination that plaintiff cannot proceed in this action without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(g).

Accordingly,

1. The findings and recommendations issued on October 24, 2018 (Doc. No. 26) are adopted in full;
2. Plaintiff's *in forma pauperis* status is revoked;
3. Within **twenty-one (21) days** following the date of service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;
    1. Plaintiff is forewarned that if he fails to pay the filing fee within the specified time, this action will be dismissed; and
4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 25, 2019**

UNITED STATES DISTRICT JUDGE

---

2018 WL 5291963 (E.D. Cal. Oct. 23, 2018). While the undersigned remains persuaded that such a conclusion is correct as a matter of law, the court also acknowledges that the issue has not been addressed by the Ninth Circuit or any other circuit, and that a reasonable argument can be made to the contrary. *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (Absent consent, "the magistrate judge had no jurisdiction to enter final judgment on behalf of the district court, and any purported judgment is a nullity."); *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity."); *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992) (Holding that, absent consent of the parties, an order staying an action issued by a magistrate judge "was beyond the magistrate's authority: it was beyond his jurisdiction and was, in essence, a legal nullity"); *see also Orff v. United States,* 358 F.3d 1137, 1149–50 (9th Cir. 2004) (Because "the district court never had jurisdiction to issue its rulings on the merits . . . [w]e must vacate as nullities [those] rulings" and they are therefore not "binding in this or any other case."); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("If jurisdiction was lacking, then the court's various orders . . . were nullities.").