UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SAVIOE,<br><br>        Defendant. | No. 1: 17-cv-01474-DAD-BAM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER REVOKING *IN FORMA PAUPERIS* STATUS<br><br>(Doc. No. 34) |

Plaintiff Guillermo Trujillo Cruz, a state prisoner, is proceeding *pro se* in this civil rights action filed on November 2, 2017. (Doc. No. 1.) Plaintiff's motion to proceed *in forma pauperis* was granted on November 21, 2017. (Doc. No. 7.)

On August 6, 2018, the assigned magistrate judge issued an order requiring plaintiff to show cause in writing why his *in forma pauperis* status should not be revoked pursuant to 28 U.S.C. § 1915(g). (Doc. No. 18.) Plaintiff filed a response on August 23, 2018. (Doc. No. 23.)

On October 24, 2018, the magistrate judge issued findings and recommendations, recommending that plaintiff's *in forma pauperis* status be revoked and that he be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 26.) After seeking and receiving an extension of time, plaintiff filed both a second response to the earlier issued order to show cause as well as objections to the October 24, 2018 findings and recommendations. (Doc. Nos. 29, 31.)

On March 26, 2019, following *de novo* review of the case, the undersigned adopted the findings and recommendations in full and ordered plaintiff to pay the required filing fee in full within twenty-one (21) days to proceed with this action. (Doc. No. 33.) Plaintiff was warned that failure to pay the filing fee would result in dismissal of this action. (*Id*. at 3.)

Currently before the court is plaintiff's motion to correct his motion to proceed *in forma pauperis*, filed April 8, 2019. (Doc. No. 34.) The court construes the filing as a motion for reconsideration.

## LEGAL STANDARDS

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . .." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

2

# DISCUSSION

Plaintiff argues that in his original responses to the magistrate judge's order to show cause and findings and recommendations, he mistakenly argued that he was indigent and unable to afford the costs of the filing fee, rather than that he was in imminent danger of serious physical injury. (Doc. No. 34 at 2.) Plaintiff now contends that he was in fact under imminent danger of serious physical injury at the time his complaint was filed. (*Id.*) In support of this contention, plaintiff argues that defendant Savoie fabricated a disciplinary report on April 27, 2016, falsely accusing plaintiff of a sex crime or similar infraction, in retaliation for plaintiff's filing of an inmate grievance against her. (*Id.* at 3.) As a southern Hispanic inmate, plaintiff states that the nature of the allegedly false disciplinary charge would get plaintiff targeted for assault on the main yard or when he was transferred to another institution. (*Id.*) In support of this contention, plaintiff explains that two months later, on June 30, 2016, defendant Savoie and correctional counselor A. Leyva conspired to have him transferred to High Desert State Prison. (*Id.* at 2.) On August 1, 2016, after his transfer, plaintiff alleges that he was the victim of an inmate assault. (*Id.*) Plaintiff argues that due to the false disciplinary report and his status as a southern Hispanic inmate, he is now in danger of assault at any moment, regardless of where he is confined. (*Id.*)

As discussed in the original findings and recommendations, plaintiff's argument that he has suffered other instances of retaliatory conduct by prison officials or assaults by other inmates, is not sufficient to demonstrate that he is now in danger of serious physical injury at a new institution. (*See* Doc. No. 26 at 2–3.) The court again notes that none of the incidents cited by plaintiff, including the instant allegations regarding being assaulted at High Desert State Prison, occurred at Pelican Bay State Prison, where he was housed at the time the complaint in this action was filed. Plaintiff may not rely on conclusory allegations to connect past instances of retaliatory conduct or assault to a claim of being in imminent danger of serious physical injury at a later time.

Plaintiff has presented no legal basis for the court to reconsider its finding that plaintiff's application to proceed *in forma pauperis* should be denied in accordance with § 1915(g), and therefore the motion for reconsideration is denied. However, in light of plaintiff's *pro se* status,

3

and to allow time for plaintiff to receive and comply with this order, the court will grant an extension of the deadline for payment of the required filing fee to proceed with this action.

Accordingly:

1. Plaintiff's motion for reconsideration (Doc. No. 34) is denied;
2. Within fourteen (14) days following service of this order, plaintiff shall pay the required $400.00 filing fee in full to proceed with this action; and
3. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated: **May 28, 2019**

UNITED STATES DISTRICT JUDGE